# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTIANA MALL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N21C-09-173 CLS |
| FEET FIRST, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Submitted: October 28, 2022
Date Decided: January 23, 2023

*Upon Plaintiff's Motion for Summary Judgment.* **DENIED.**

## ORDER

Alexandra D. Rogin, Esquire, Eckert Seamans Cherin & Mellott, LLC, Wilmington, Delaware, 19801, Attorney for Plaintiff, Christiana Mall.

Charles J. Brown, III, Esquire, Gellert Scali Busenkell & Brown, LLC, Wilmington, Delaware, 19801, Attorney for Defendants Feet First, LLC d/b/a Flip Flop Shops, Eric Lingenfelter, Bronwyn Wilke, Eric Barr, and Heather Barr.

**SCOTT, J.**

1

## INTRODUCTION

Before the Court is Plaintiff Christiana Mall's ("Christiana Mall") Motion for Summary Judgment ("Motion"). Upon consideration of the Motion and Defendants Feet First, LLC et al.'s ("Feet First") response, Plaintiff's Motion is **DENIED** for the following reasons.

## BACKGROUND

Feet First signed a lease with Christiana Mall on 2/19/2016 to occupy a retail premises. The lease was set to expire on 6/14/2026. Christiana Mall entered a written guaranty dated 2/19/2016 with guarantors Eric Lingenfelter, Eric Barr, and Heather Barr to guaranty Feet First's obligations under the lease.

Before the COVID-19 Pandemic, Feet First failed to make payments due under the Lease. Christiana Mall delivered a Notice of Default to Feet First demanding payment. Feet First did not cure the default, and the Lease was terminated on 3/4/2020. After termination of the Lease, the parties attempted to negotiate to allow Feet First to make its account current and occupy the commercial space. Feet First made some payment but failed to make the account current. From this point, the parties were unable to reach further agreement and Feet First abandoned the premises in May of 2021, more than a year after Christiana Mall terminated its lease.

## PARTIES' ASSERTIONS

In its Motion, Christiana Mall argues that although Feet First denies breach of the lease, Feet First's sworn discovery responses admit it "did not pay all of the rents called for under the Lease Agreement." Therefore, Christiana Mall argues the failure to pay all amounts owed constitutes default under the Lease, thereby entitling Christiana Mall to terminate the lease and it did so on 3/4/2020. Further, Christiana Mall argues that upon termination of the lease, Christiana Mall is entitled to recover outstanding amounts owed at the time of termination, plus remaining amounts it would have been owed through the Lease Term of 6/14/2026, amounting to $641,023.22. Christiana Mall admits it received $19,267.36 as a result of "commercially reasonable efforts to re-let the Leased Premises to multiple prospective tenants," so damages are $622,023.22 and Christiana Mall's damages against Guarantors are limited to $105,018.96, plus interest, costs, and fees as this is the amount of rent Feet First failed to pay.

Feet First argue the Motion should be denied because its claim for damages is too speculative, because its claims are barred by Christiana Mall's prior breach of contract and material facts are in dispute regarding Plaintiff's efforts to mitigate damages. Feet First further argues there are relevant portions of the lease that Christiana Mall fails to mention, including an early termination clause in the event that the sales of Feet First did meet a certain threshold, termination in the event that

two or more of the Christiana Mall's anchor tenants failed to remain open for business, as well as storefront visibility issues stemming from Feet First's inability to install its sign until the other tenants in the mall repositioned their signs. Feet First contend the early termination clause and allowance for rent abatement in the lease allow for their defenses of impossibility and impracticability to survive. Additionally, citing a Pennsylvania case, Feet First believes its ignored request for Christiana Mall to provide space for its signage from 2016-2019 amounted to a breach of the covenant of good faith and fair dealing. It is Feet First's position that after it vacated the property in May 2021, Bronwyn Wilke visited the location in October 2021 to find a new tenant occupying the location with a permanent sign affixed to the premises. According to a declaration made by Bronwyn Wilke, Christiana Mall claims no rent had been collected from the new occupant. This raised concerns for Feet First of Christiana Mall's reasonableness of its efforts to mitigate its damages.

## STANDARD OF REVIEW

Under Superior Court Rule 56, the Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[1] The

---

[1] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).

4

moving party bears the initial burden of showing that no material issues of fact are present.[2]  Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[3]  In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[4]  The Court will not grant summary judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[5]

**DISCUSSION**

The Court finds there are genuine issues of material fact present.

In viewing the record in a light most favorable to the non-moving party, the sum owed to Christiana Mall, a material fact, cannot be determined and therefore it not ripe for summary judgment. This Court agrees with Feet First's sentiments regarding Christiana Mall's duty to mitigate. Christiana Mall owes a general duty to mitigate damages if it is feasible to do so,[6] such a strategy to mitigate is subject to reasonableness and whether the loss is mitigable.[7] Here, Feet Frist argue Christiana

---

[2] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[3] *Id.* at 681.
[4] *Burkhart*, 602 A.2d at 59.
[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Ct. Apr. 26, 2006).
[6] *Norkei Ventures, LLC v. Butler-Gordan, Inc.*, 2008 WL 4152775, at *2. (Del. Super. Aug.28, 2008).
[7] *W.Willow-Bay Court LLC v. Robino-Bay Court Plaza, LLC*, 2009 WL 458779, at *8 (Del. Ch. Feb. 23, 2009).

Mall failed to mitigate damages based on the Declaration of Bronwyn Wilke regarding new tenants occupying Feet First's previous premises with Christiana Mall claiming they have collected no rent from the new occupant. Feet First offer credible means by which Christiana Mall could have mitigated its damages from Defendants' failure to pay, such as collecting rent from new occupants of the previously leased premises. If found Christiana Mall did not collect rental income from new occupants, there mitigation efforts would not be reasonable as they would be collecting money from Feet First and the new tenant, making them more than whole. Because these questions involving mitigation of damages are factual, they are issues of material fact. Additionally, because there is question of how much Christiana Mall mitigated their damages, the sum is uncertain, which is another issue of material fact.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**